**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JULIO C. CARRENO, et al.,

    Plaintiffs,

vs.                                                                   Case No. 3:08-cv-1206-J-32JRK

HOME TRANSPORT, INC., et al.,

    Defendants.

---

## ORDER

This case is before the Court on a number of pretrial motions. For the reasons stated below and at the Final Pretrial Conference (Doc. 67), the record of which is incorporated by reference, it is hereby

**ORDERED**:

1. Defendants' Motion to Continue (Doc. 45) is **DENIED**. This case is set for trial beginning **June 14, 2010 at 9:00 a.m.**

2. Defendants' Motion for Partial Summary Judgment (Doc. 43) is **GRANTED** pursuant to Plaintiffs' concession of the issue. At the conclusion of the case, judgment will be entered in favor of defendant Home Transport, Inc. on Count III of the Complaint.

3. Plaintiffs' Motion in Limine (Doc. 29) is **GRANTED in part** and **DENIED in part** as follows:[1]

---

[1] Plaintiffs' Motion in Limine is an omnibus motion containing 25 separate requests for relief. Pertinent matters are identified with a decimal entry corresponding to their numbering

a. **GRANTED** to the extent that no reference may be made to plaintiff Julio Carreno's immigration status or his emigration from Columbia (Doc. 29.1), nor should there be any reference to his treatment in Columbia, including that he was beaten or tortured.

b. **DENIED** as to Mr. Carreno's involvement in a prior motorcycle or bicycle accident (Doc. 29.2).

c. **GRANTED** as to any insinuation that Mr. Carreno's counsel influenced the testimony of Dr. Heber Rosa concerning the motorcycle/bicycle accident (Doc. 29.3). Any alleged inconsistencies in Dr. Heber Rosa's reporting may be addressed with him on cross-examination.

d. **DENIED** as to any reference to Mr. Carreno having been terminated from his former truck driver employment (Doc. 29.4), pursuant to Plaintiffs' withdrawal of the request.

e. The remainder of the items raised by Plaintiffs' Motion in Limine (Docs. 29.5-29.25) are **DENIED without prejudice**.[2] The Court expects both parties to conduct themselves appropriately at trial and will revisit Plaintiffs' concerns in the event it becomes necessary to do so.

---

within Plaintiffs' Motion (*e.g.*, matter number one in the Motion is identified herein as Doc. 29.1, etc.).

[2] Item 29.15 in Plaintiffs' omnibus Motion in Limine seeks generally to exclude any reference by Defendants to the appropriateness of medical treatment rendered to Mr. Carreno. In response to Doc. 29.15, Defendants filed a Memorandum of Law in Opposition (Doc. 47). Plaintiffs later filed a more specific Motion in Limine on the subject (Doc. 56) which is addressed infra at paragraph 9; the Court therefore finds Doc. 29.15 to be moot and considers Defendants' Memorandum of Law in Opposition as being responsive to Plaintiffs' later-filed Motion in Limine.

4. Defendants' Motion in Limine regarding the Testimony of Dr. Boehme (Doc. 31) is **DENIED as moot**.

5. Defendants' Motions in Limine regarding Wealth of the Defendant (Doc. 32); Out-of-State Corporation (Doc. 33); Insurance (Doc. 34); and Reports (Doc. 36) are **DENIED without prejudice**; see paragraph 3(e) of this Order.

6. Defendants' Motion in Limine regarding Testimony of Michael Napier (Doc. 38) is **DENIED in part** to the extent that, subject to proper foundation, Mr. Napier may testify as to trucking industry driving standards as they relate to the accident at issue, and **GRANTED in part** to the extent that Mr. Napier may not testify or insinuate that any conduct on the part of Defendants raises a "presumption of negligence," nor may he address any issue of negligent hiring or retention.

7. The parties' Joint Motion to allow electronic equipment (Doc. 46) is **GRANTED**.

8. Defendants' Motion in Limine regarding health of Plaintiff Maria Santos (Doc. 51) is **DENIED**.

9. On the record at the Final Pretrial Conference (Doc. 67), the Court either ruled on or deferred each party's respective objections to their opponent's proposed Exhibit and Witness List (Doc. 55, Plaintiffs' Objections; Doc. 58, Defendants' Objections). No further rulings are necessary at this time.

10. Plaintiffs' Motion in Limine regarding Testimony of Medical Expert (Doc. 56) is **GRANTED in part** to the extent that Defendants' retained medical expert, Dr. Michael Pulley, may not offer opinions regarding the necessity or reasonableness of Mr. Carreno's

December 2006 back surgery,[3] and **DENIED in part** to the extent that Dr. Pulley may offer opinions regarding the propriety of continuing treatment options as they relate to Mr. Carreno's future medical expenses.[4] The Court **RESERVES RULING** as to Dr. Pulley's testimony on the subject of causation.[5]

    11.    Defendants' Motion to Strike (Doc. 60) is **DENIED.**

    12.    Plaintiffs' Motion to Strike, or in the alternative, Motion in Limine regarding Testimony of Expert Weseman (Doc. 61) is **DENIED in part** to the extent that, subject to foundation, Ms. Weseman may offer opinions concerning the forces potentially exerted on Mr. Carreno during the accident as compared to the forces exerted on a person's body

---

[3] The Court finds that this subject was not addressed in Dr. Pulley's Fed. R. Civ. P. 26(a)(2) disclosure (Doc. 56-1); rather, Dr. Pulley opined that the December 2006 surgery was unnecessary for the first time during his video trial testimony deposition taken May 11, 2010. Dr. Pulley conceded that he did not address this issue in his Rule 26 report. (Doc. 66 at 1). As a result, Plaintiffs did not have an opportunity to depose Dr. Pulley on his opinion and were not given sufficient notice such that they could cross-examine him on this subject during his May 11 trial deposition (Dr. Pulley will not be present at trial where he might be subject to more informed cross-examination by Plaintiffs' counsel). A retained expert may not offer opinions at trial which have not been previously disclosed in a Rule 26 report unless the failure to reveal was either substantially justified or harmless. See Romero v. Drummond Co., Inc., 552 F.3d 1303, 1323 (11th Cir. 2008); Fed. R. Civ. P. 37(c)(1). The Court finds in this case that the failure to disclose Dr. Pulley's necessity opinion is neither justified nor harmless. See Goodby's Creek, LLC v. Arch Ins. Co., 2009 WL 1139575 at *3 (M.D. Fla. 2009)(recognizing that having to depose a party on information that was not disclosed in a Rule 26 report constitutes prejudice and therefore cannot be "harmless").

[4] As to future medical expenses, Dr. Pulley's report expressly addresses his opinions as to Mr. Carreno's future medical needs, and his testimony on this subject is appropriate.

[5] After reviewing Dr. Pulley's trial deposition, the Court is uncertain that Dr. Pulley expressed a causation opinion in this case, and is unclear which portion of his testimony on the subject is of concern to Plaintiffs. Therefore, the Court reserves ruling on this issue and will discuss the matter further with the parties on the first day of trial.

during daily activities, and **GRANTED in part** to the extent that Ms. Weseman may not offer: (i) any further opinions contained in her "Supplemental Rule 26 Disclosure" (Doc. 61-2), including calculations of lateral speed and acceleration,[6] or (ii) any medical opinions outside the scope of her expertise (such as that contained in the penultimate paragraph of her report dated October 12, 2009).

13. Any party who wishes to revisit these rulings must do so at an appropriate time outside the presence of the jury.

**DONE AND ORDERED** at Jacksonville, Florida this 7th day of June, 2010.

TIMOTHY J. CORRIGAN
United States District Judge

jmm
Copies:

Counsel of record

---

[6] Supplementation of a Rule 26 report is required under Rule 26(e) "where a disclosing party learns that its information is incorrect or incomplete;" however, it "does not cover failures of omission because the expert did an inadequate or incomplete preparation." See Goodby's, 2009 WL 1139575 at *2 (quotations omitted). While Defendants contend that Ms. Weseman's supplemental information is derived from having reviewed the deposition testimony of Dr. Boehme, Plaintiffs' biomedical engineering expert, this claim is expressly refuted by the record. See Doc. 68. In addition, Ms. Weseman failed to identify the source of the data underlying her new calculations and conclusions. The Court therefore agrees with Plaintiffs that Ms. Weseman's "Supplemental Disclosure" is an inappropriate attempt to "produce information in a belated fashion" and "add to [the expert's original] opinions." See Goodby's, 2009 WL 1139575 at *2 (quotations omitted). As is the case with Dr. Pulley's necessity opinion, the Court also finds the failure to disclose Ms. Weseman's supplemental opinions to be neither justified nor harmless. Id. at *3; see supra n. 3. However, regarding the comparison of the potential forces at play in the accident versus those encountered in daily activities, the Court concludes that such testimony is a natural outgrowth of Ms. Weseman's original report and is therefore appropriate.

5